FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 MAY 21 A 8:03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

KRISANNE HALL,

    Plaintiff,

vs.

ROBERT L. "SKIP" JARVIS, JR.,
in his official capacity as
State Attorney for the Third Judicial
Circuit of Florida,

    Defendant.

CASE NO.:

3:10-cv-442-J-99mmH-TEM

## VERIFIED COMPLAINT
## FOR DECLARATORY JUDGMENT AND INJUNCTION

Plaintiff KRISANNE HALL brings this action against the Defendant, in his official capacity, seeking injunctive relief against the enforcement of certain policies and practices of the State Attorney's Office, together with a declaratory judgment declaring that those policies and practices are unconstitutional under the First and Fourteenth Amendments to the United States Constitution. Plaintiff further requests an award of her costs, including a reasonable attorney's fee pursuant to 42 U.S.C. §1988.

### JURISDICTION

1.    This suit is brought pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

2. This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution, and under 28 U.S.C. §1343(4) to secure equitable or other relief for the protection of civil rights.

3. The Court has the authority to issue declaratory judgments pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.R.Civ.P.

4. This Court also has jurisdiction to grant equitable relief for violation of civil rights and liberties pursuant to 42 U.S.C. §1983.

5. The Court may enter an award of attorney's fees pursuant to 42 U.S.C. §1988.

6. This Complaint seeks declaratory relief to prevent violations of the Plaintiff's rights, privileges and immunities under the Constitution of the United States and Title 42 U.S.C. §§ 1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First and Fourteenth Amendments to the Constitution.

7. This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutionality of certain policies and practices of the Defendant. There are substantial

*bona fide* doubts, disputes, and questions that must be resolved concerning the Defendant's actions taken under color and authority of "state" law and procedures, in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

## PARTIES

8. Plaintiff KRISANNE HALL (hereinafter 'HALL") is a natural person and a resident of Suwannee County, Florida.

9. Defendant ROBERT L. "SKIP" JARVIS ("hereinafter "JARVIS") is a natural person, who serves as State Attorney for the Third Judicial Circuit of Florida. He is sued in his official capacity only.

## VENUE

10. Venue is proper in the Middle District of Florida, Jacksonville Division, since the policies and practices complained of are those of the State Attorney's Office for the Third Judicial Circuit of Florida, which is within the district and geographical area assigned to the Jacksonville Division.

## FACTS

11. KRISANNE HALL is an attorney licensed to practice in the State of Florida. She was previously employed by the Gibbs Law Firm, P.A. were she gained significant experience and academic insight into a variety of constitutional issues and the development of constitutional law in the United States.

12. At all times material to this litigation, Plaintiff was employed by Defendant in his capacity as State Attorney for the Third Judicial Circuit of Florida.

13. Plaintiff was first employed by the State Attorney's Office for the Third Judicial Circuit of Florida in December, 2000. At that time she worked for Jerry M. Blair, who was the predecessor to the current State Attorney. After pursuing other legal interests, she was again employed by the State Attorney's Office starting on July 10, 2009. Plaintiff is currently employed by the Defendant who is the current State Attorney. Plaintiff serves as an Assistant State Attorney leading the felony division of the State Attorney's Office in the Live Oak (Suwannee County) office.

14. Plaintiff has been asked to speak to a variety of public groups concerning matters of constitutional law, including originalism as a preferred theory for analyzing constitutional cases and the role of our Founding Fathers in establishing our constitutional Republic.

15. Those speeches were given to the Suwannee Republican Executive Committee on February 7, 2010; to area Tea Party meetings on April 4, 2010, April 15, 2010 and April 17, 2010; and to a meeting of the "9/12 organization" on February 27, 2010.

16. In addition, Plaintiff appeared on a local radio program (96.5 WJTK), on April 21, 2010, which addressed a variety of issues of public concern, including constitutional originalism, the legal dispute between the State of Florida and the Federal government over the recent national health care bill, and the threat posed by large Federal budget deficits.

17. Plaintiff spoke at all of those engagements as a private citizen and not as an employee of the State Attorney's Office.

18. Plaintiff utilized her own resources and funds to prepare for and attend all of the subject speaking engagements.

19. Plaintiff's speeches before these groups represents core political speech and is fully protected by the First Amendment.

20. Plaintiff's right to associate with these political groups in her capacity as a private citizen is also fully protected by the First Amendment guarantee of freedom of association.

21. The political and legal issues upon which Plaintiff spoke were all issues of public concern and interest.

22. Plaintiff did not address any cases handled by Defendant or the State Attorney's Office during any of her speaking engagements. Neither did she address any issues pertaining to the administration of that office, to any personnel of that office, or to any other matter concerning the Defendant, her employment or the State Attorney's Office in general.

23. Plaintiff did not hold herself out as a representative of the State Attorney's Office at any of her speaking engagements. Plaintiff was simply introduced as an attorney with expertise in constitutional matters of public concern.

24. Plaintiff did not claim at any speaking engagement that her political and legal views were shared by the Defendant, by any of the Defendant's employees or by the State Attorney's Office in general.

25. Plaintiff's speaking engagements have not interfered in any respect with the effective administration of the State Attorney's Office. To Plaintiff's knowledge, no one other than her immediate supervisor, a co-worker who had attended one of the

speaking engagements, and the Defendant were aware that Plaintiff had engaged in any speaking engagements.

26. On April 22 and April 23, 2010, Defendant wrote a series of e-mails to Plaintiff directing her to cease speaking before any "fringe right wing group" and requiring that she "disassociate yourself from these folks". A copy of the parties' e-mail exchange is attached as Composite Exhibit "A"

27. On May 4, 2010, Plaintiff through counsel, asserted Plaintiff's First Amendment right to engage in free speech and to associate with persons of her choosing in her personal life. Plaintiff further demanded that the State Attorney repeal his ban against Plaintiff's speech. A copy of the May 4, 2010 letter is attached as Exhibit "B" to this Complaint.

28. On May 10, 2010, Defendant responded to Plaintiff's letter reaffirming his directive that Plaintiff not engage in speech on political matters and threatening to fire her if she refused to comply with that directive:

> She has been given a directive and now must decide whether her desire to speak outweighs her desire to retain my appointment.

A copy of the May 10, 2010 letter is attached as Exhibit "C" to this Complaint.

29. Defendant's directive requires that Plaintiff give up a constitutional right in order to maintain a public benefit; *i.e.*, her employment.

30. Defendant's directive violates Plaintiff's First Amendment rights to speak freely on matters of public concern and to associate with other citizens of her choice.

31. Plaintiff has been asked to give similar speeches addressing constitutional issues and other matters of public concern in the upcoming days and weeks. Plaintiff has

accepted at least one of those invitations and Plaintiff intends to continue speaking on these matters of public concern in the future.

32. Defendant's directive chills Plaintiff's speech rights as it imposes a penalty on the exercise of Plaintiff's constitutional rights as well as those of similarly situated employees of the State Attorney's Office.

## OFFICIAL POLICY; COLOR OF LAW

33. The directive from the Defendant that Plaintiff cease her speaking engagements and her association with certain political groups was issued in his official capacity as State Attorney for the Third Judicial Circuit of Florida.

34. All of the acts of Defendant alleged in this Complaint were taken under color of state law or authority.

35. Notwithstanding his position as State Attorney, Defendant had no legal right to order HALL to cease her speaking engagements or to cease her association with certain political groups.

36. As a direct and proximate result of Defendant's unlawful acts, HALL has suffered the loss of rights guaranteed to her under the First and Fourteenth Amendments to the United States Constitution.

## COUNT I
### (Injunctive Relief)

Plaintiff realleges and incorporates paragraphs 1 through 36 herein, and further alleges as follows:

7

37. This is an action for permanent injunctive relief against the Defendant brought under this Court's general jurisdiction and pursuant to the applicable portions of Title 28, United States Code.

38. The Defendant continues to maintain the unconstitutional policies and practices that are the subject of this Complaint. In particular, the Defendant has imposed a "directive" that Plaintiff cease her speaking engagements and her association with certain political groups and has threatened to fire Plaintiff is she fails to comply with that directive.

39. Plaintiff is fearful that she will lose her employment if she exercises her First Amendment rights.

40. Plaintiff's fear is well-founded as Defendant has expressly stated that Plaintiff will be fired if she continues to exercise her First Amendment rights.

41. Plaintiff is suffering irreparable injury and is threatened with irreparable injury in the future by reason of the Defendant's policies and practices, and Plaintiff has no plain, adequate nor complete remedy to protect her constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

42. Plaintiff will be unable to engage in speech and political activity that is clearly protected by the First Amendment to the United States Constitution should an injunction not issue. Deprivation of rights guaranteed under the Constitution is an irreparable injury.

43. The injury to Plaintiff, should the Defendant's directive not be contravened, exceeds any possible harm to the Defendant, or to the effective

administration of the State Attorney's Office. Plaintiff's injury is the loss of a constitutional right. On the other hand, since no government official may deprive any person of a right guaranteed by the First Amendment, Defendant will suffer no injury if he is prevented from suppressing Plaintiff's right to freedom of expression. The public has no lawful interest in the enforcement of unconstitutional actions and policies.

44. A permanent injunction will preserve Plaintiff's civil rights and avoid the need to compensate Plaintiff with money damages for violation of her rights.

WHEREFORE, Plaintiff prays for

A. Entry of a permanent injunction forever enjoining Defendant and his various agents and employees from enforcing the directive that Plaintiff cease her speaking engagements and her association with certain political groups; and

B. An award to Plaintiff of her attorney's fees and costs; and

C. For such other relief as the Court deems proper.

## COUNT II
### (Declaratory Relief)

As a second, separate and alternate Count, Plaintiff realleges and incorporates paragraphs 1 through 36 herein, and further alleges as follows:

45. This is an action for declaratory relief pursuant to Title 28, United States Code, §2201.

46. Plaintiff is uncertain as to her rights and remedies in light of the Defendant's directive that Plaintiff cease her speaking engagements and her association with certain political groups.

47. Plaintiff believes and herein alleges that the Defendant's directive is unconstitutional on its face and as applied against Plaintiff and others similarly situated.

48. Plaintiff further believes and herein alleges that the actions taken by the Defendant to thwart Plaintiff's ability to engage in speech and political activity violates the First and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff seeks a declaration as follows:

A. That the Defendant's directive is unconstitutional on its face and as applied against Plaintiff and other similarly situated citizens;

B. That the Court grant supplemental relief including, but not limited to an award of Plaintiff's costs and attorney's fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

GARY S. EDINGER & ASSOCIATES, P.A.

_____
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440/ 337-0696 (Fax)
GSEdinger@aol.com
Attorneys for Plaintiffs

## DECLARATION
## (28 U.S.C. § 1746)

I, KRISANNE HALL, do declare as follows:

1. I am the Plaintiff named in this Complaint.

2. I have read the foregoing Complaint, and all of the facts alleged in the Complaint are true and correct.

3. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 18th, 2010.

_____
KRISANNE HALL

11