# Gary S. Edinger
# & Associates, P.A.

Gary S. Edinger
GSEdinger@aol.com

Steve D. Tran
UF3323@aol.com

305 N.E. 1st Street • Gainesville, FL 32601 • Phone (352) 338-4440 • FAX (352) 337-0696

May 4, 2010

Robert L. "Skip" Jarvis, Jr.
State Attorney – Third Judicial Circuit
100 S.E. Court Street
Live Oak, Florida 32060

      RE:   Krisanne Hall Speaking Engagements

Dear Mr. Jarvis:

      Please be advised that this office represents the interests of Ms. Krisanne Hall. My firm specializes in Federal First Amendment litigation. We have been retained to secure and protect Ms. Hall's right to speak freely to audiences of her choosing.

      As you may know, Ms. Hall's background in constitutional law and theory makes her a valued and sought after speaker in the North Central Florida area. Recently, Ms. Hall has been called upon to speak to the Suwannee County Republican Executive Committee, several area Tea Party events and a radio show addressing a variety of constitutional issues. There is no question that this speech concerns matters of public interest, being the kind of core political speech most vigorously protected by the First Amendment.

      All of these speaking engagements have taken place on Ms. Hall's own time and at her own expense. She has not identified herself as an employee of the State Attorney's Office at any of these events and has never claimed to speak for the State Attorney's Office. The issues which she has addressed include originalism as a preferred theory for analyzing constitutional cases, the role of our Founding Fathers in establishing our constitutional Republic and the current litigation initiated by the State of Florida with respect to the national health care insurance plan. None of these issues has dealt with any cases at the State Attorney's Office nor has she discussed any matters of internal operating procedures, personnel or any other matter remotely connected to your Office. In short, she has spoken exclusively as a private citizen on matters which are of public interest, but which in no way affect the operation of the State Attorney's Office.

EXHIBIT "B"

Robert L. "Skip" Jarvis, Jr.
State Attorney – Third Judicial Circuit
May 4, 2010
Page 2 of 3

I have read with interest, your e-mails directing my client to "dissociate" herself from these "fringe right-wing group[s]" and to "cease being involved in these rallies / radio programs". Those directives are content-based on their face because they object to her speaking before a particular group that you find distasteful. Of course, the requirement that a citizen refrain from speaking on a matter of public concern is constitutionally offensive regardless of whom the target audience may be. Your absolute unwillingness to discuss this matter with my client has left her no choice but to seek legal counsel to force a resolution of this extremely important issue.

The infringement of my client's First Amendment rights violates clearly established law in this Circuit. I have enclosed several of the most relevant case authorities for your review. Of course, the most important of those authorities are the Supreme Court decisions in Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U.S. 563, 88 S.Ct. 1731 (1968), Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684 (1982) and Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951 (2006). Not surprisingly, the principles announced by the Supreme Court have found application in the Eleventh Circuit, where the law is considered well-established for purposes of qualified immunity. See, e.g., Akins v. Fulton County, Georgia, 420 F.3d 1293 (11th Cir. 2005).

Those cases tell us that citizens do not lose their First Amendment rights just because they happen to be employed by the Government:

> [A] State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.

Connick v. Myers, 461 U.S. at 142, 103 S.Ct.at 1687.

Ms. Hall's speech fits squarely within the parameters established by these cases:

1. She spoke as a private citizen;

2. On matters of public concern rather than personal interest;

3. In a manner which caused no disruption or interference in the workings of the State Attorney's Office.

Robert L. "Skip" Jarvis, Jr.
State Attorney – Third Judicial Circuit
May 4, 2010
Page 3 of 3

I also note that there is no realistic possibility that Ms. Hall's speaking engagements would reflect badly on the State Attorney's Office (even if that factor could be considered in limiting her speech). Few among us would characterize the Republic Executive Committee as a threat to public order and even the Tea Party must be considered part of the mainstream American political dialog in this day and age.

Given the controlling case law and the careful and circumscribed manner in which Ms. Hall has conducted her speaking engagements, there is no basis or authority for you to order her to abandon these First Amendment-protected activities. Demand is hereby made that you rescind those directives and that you refrain from taking any adverse action against my client in retaliation for the exercise of her First Amendment rights.

This area of the law is no doubt complex and it is proper to give your office a reasonable amount of time to review the legal authorities. However, my client does require a speedy resolution of this dispute so that her First Amendment rights are not further infringed. Accordingly, I would expect to hear from you no later than Monday, May 10th. If you have not withdrawn your no-speaking directive by that time, I have been instructed to pursue appropriate declaratory and injunctive relief in the District Court for the Middle District of Florida. You are no doubt aware that attorney's fees are also recoverable in an action brought under 42 U.S.C. §1983.

As the State Attorney's Office is generally seen as enforcing the civil rights laws rather than violating them, there should be a real incentive to follow the Constitution in this instance.

Sincerely,

Gary S. Edinger

/gse
Enclosures
cc: Ms. Krisanne Hall