# OFFICE OF THE STATE ATTORNEY
# THIRD JUDICIAL CIRCUIT OF FLORIDA

RECEIVED
MAY 12 2010

**Robert L. Jarvis, Jr., State Attorney**

*Serving the Counties of Suwannee, Hamilton, Dixie, Lafayette, Taylor, Madison and Columbia*

100 S.E. Court St.
Live Oak FL. 32064
(386) 362-2320
FAX (386) 362-5370

May 10, 2010

Gary S. Edinger
Attorney at Law
305 N.E. 1st Street
Gainesville, Florida  32601

Re: Krisanne Hall

Mr. Edinger,

    I have received and considered your letter dated May 4, 2010, including your demand for a response by May 10th, to which I am responding as follows.

    Krisanne Hall is an Assistant State Attorney appointed by me pursuant to s. 27.18, F.S.  Her client, through my appointment of her, is the State of Florida.  This is the second time that Mrs. Hall has worked as an Assistant State Attorney, first for Jerry M. Blair and now for me.

    Your comment that you have read with interest my e-mails to Mrs. Hall and your responses to them shows that you have failed to actually read them.  Please do so before jumping to conclusions and making threats.

    In the Third Judicial Circuit the attorneys are known to the public and my staff members are generally either known personally or by name.  It is obvious that Mrs. Hall's activities have already involved this office since I was contacted by an individual objecting to a member of my staff being involved in these events.  It was this objection that forced me to speak with her.

    I would never wish to curtail a citizen's rights under the Constitution, however when Mrs. Hall solicited me to rehire her and I agreed to reappoint her, she did so knowing that her activities would have boundaries.  She is also well aware that pursuant to s. 27.181, F.S., each assistant state attorney appointed by the state attorney shall serve at the pleasure of the state attorney appointing him or her.

    Mrs. Hall is free to say or do whatever she may please so long as she is in compliance with the law.  She cannot, however, do so and necessarily retain my appointment as an Assistant State Attorney.  She has been given a directive and now must decide whether her desire to speak outweighs her desire to retain my appointment.  It is her decision.

Respectfully,

Robert L. Jarvis, Jr.
State Attorney

EXHIBIT "C"