UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISANNE HALL,

    Plaintiff,

vs.                             CASE NO.: 3:10-cv-442-J-34TEM

ROBERT L. "SKIP" JARVIS, Jr.,
Individually and in his official capacity as
State Attorney for the Third Judicial
Circuit of Florida,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(6) Fed. R. Civ. P., Defendant Robert L. "Skip" Jarvis, Jr., Individually and in his official capacity as State Attorney for the Third Judicial Circuit of Florida ("Jarvis"), by and through his undersigned counsel, moves to dismiss Plaintiff Krisanne Hall's ("Plaintiff") Amended Complaint. The grounds for this motion are further explained in the following Memorandum of Law. The Memorandum of Law is incorporated as part of this motion.

**MEMORANDUM OF LAW**

Jarvis submits the following memorandum of law in support of his Motion to Dismiss.[1]

---

[1] It is unclear from the Amended Complaint which of the seven counts are brought against Jarvis in his individual capacity and which of the seven counts are brought against him in his official capacity. For purposes of this motion, Jarvis assumes that all seven counts are brought against him, both individually and in his official capacity.

1

## I. INTRODUCTION.

Plaintiff in this case has filed a lawsuit against Jarvis, both individually and in his official capacity, seeking declaratory and injunctive relief and damages pursuant to Title 42 U.S.C. § 1983 for alleged violations of the First Amendment (counts one and two), the Equal Protection Clause of the Fourteenth Amendment (counts three through five), and the Florida Constitution (counts six and seven). Plaintiff claims that Jarvis terminated Plaintiff in retaliation for exercising her First Amendment rights and for her decision to petition this Court for injunctive relief while employed as an assistant state attorney.[2] The Amended Complaint, however, should be dismissed in its entirety against Jarvis individually and in his official capacity. With regard to the counts against Jarvis individually, counts one through seven in the Amended Complaint should be dismissed because (a) Jarvis has qualified immunity with respect to claims for damages brought against him in his individual capacity and (b) injunctive and/or declaratory relief does not lie against Jarvis in his individual capacity. With regard to claims against Jarvis in his official capacity, Plaintiff failed to state a cause of action against Jarvis in counts one through seven because Plaintiff failed to identify, and she even alleged facts that clearly negate, a policy or custom of the State of Florida that was the "moving force" behind Jarvis' alleged directive that Plaintiff would not be permitted to make certain speeches while employed as an assistant state attorney. Even if there was a policy or custom of the State of Florida that was the "moving force" behind Jarvis' alleged directive, all claims for damages in counts one through five should be dismissed against Jarvis in his official capacity because federal claims for

---

[2] Jarvis does not admit that any of the allegations in the Amended Complaint are true and reserves the right to deny same in any subsequent answer should this Court require one.

damages against public officials in their official capacity are not permitted under § 1983 and are also barred by the Eleventh Amendment.

Independent from the reasons set forth above, counts three through five of the Amended Complaint should be dismissed in their entirety because (a) they are simply a restatement of Plaintiff's First Amendment claims and (b) Plaintiff has failed to plausibly plead, under the standard set forth by the United States Supreme Court in order to state a cause of action, a similarly situated employee that Jarvis allegedly treated differently from Plaintiff. Finally, and also separate from the reasons sited above, counts six and seven of the Amended Complaint should be dismissed because Plaintiff failed to even allege that a private right of action for alleged infringements of the rights expressed in Article I, Sections 2, 4, and 5 of the Florida Constitution exists. Should this Court dismiss counts one through five against Jarvis individually and his official capacity for reasons that do not affect counts six and seven and also conclude that Sections 2, 4, and 5 of the Florida Constitution do create a private right of action, this Court should exercise its discretion to decline supplemental jurisdiction over counts six and seven.

## II. THE AMENDED COMPLAINT AGAINST JARVIS IN HIS INDIVIDUAL CAPACITY SHOULD BE DISMISSED.

### A. Jarvis has qualified immunity with respect to all counts seeking damages in the Amended Complaint brought against him in his individual capacity.

Counts one through seven of the Amended Complaint include a claim against Jarvis in his individual capacity for monetary damages. However, such claims are barred because Jarvis enjoys qualified immunity from claims brought against him in his individual capacity. Qualified immunity is granted to individual government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

In order to determine whether Jarvis is protected by qualified immunity, this Court must engage in a two step analysis and, if either prong is not met, dismissal is proper. *See Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *13 - 14 (11th Cir. June 30, 2010) (affirming the district court's dismissal of a First Amendment claim because the public official was protected by qualified immunity for claims brought against her individually; citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In *Katz*, the Supreme Court explained that a court must first decide whether the facts in the complaint show that the defendant's conduct "violated a constitutional right" and, second, it must decide whether that constitutional right was "clearly established." *Katz*, 533 U.S. at 201.

With regard to the first *Katz* requirement, Jarvis can establish by evidence and application of binding precedent that his directives to Plaintiff did not violate her constitutional rights.[3] However, for purposes of this Motion, accepting Plaintiff's allegations in the Amended Complaint as true, even if Jarvis did arguably violate Plaintiff's First Amendment rights, such rights are not "clearly established." "'Clearly established law' is law that is sufficiently established so as to provide public officials with 'fair notice' that the conduct alleged is prohibited." *Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *13 (11th Cir. June 30, 2010) (citing *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is

---

[3] For example, Jarvis can present evidence to establish that Plaintiff's allegations in paragraphs 20-22 of the Amended Complaint are not true.

to say that in the light of pre-existing law the unlawfulness must be apparent. (internal citations and quotation omitted)")).

"Fair notice" as referenced in *Randall* can be given in three ways: a review of broad case law, the existence of a materially similar factual case, or, if the circumstances fit, "within the exception of conduct which so obviously violates [the][C]onstitution that prior case law is unnecessary." *Randall*, at *13-14 (citing *Vinyard v. Wilson,* 311 F.3d 1340, 1350-52 (11th Cir. 2002); *Mercado v. City of Orlando,* 407 F.3d 1152, 1159 (11th Cir. 2005)) (bracketed material in original).

Initially, with regard to a review of broad First Amendment case law involving a government entity's ability to curtail its employee's speech, the Eleventh Circuit has stated that if "some authoritative judicial decision decides a case by determining that 'X Conduct' is unconstitutional without tying that determination to a particularized set of facts, the decision on 'X Conduct' can be read as having clearly established a constitutional principle." *Randall,* at *13 (citing *Vinyard,* 311 F.3d at 1351). The United States Supreme Court, concerning a government entity's broad discretion to restrict speech protected by the First Amendment when it acts in its role as an employer, has opined that "conducting these inquiries sometimes has proved difficult." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006), that such inquiries require a "delicate balancing of the competing interests surrounding the speech and its consequences," *Id.* at 423, and that "whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record," *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). Accordingly, the Supreme Court itself has made abundantly clear that the determination of whether conduct that allegedly interferes with an employee's First Amendment rights is unconstitutional turns upon the specific facts of each case.

5

Therefore, a review of broad First Amendment case law does not provide "fair notice" in First Amendment cases. *See Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *13 (11th Cir. June 30, 2010) ("In the case at hand, based on the scrupulous legal analysis required to determine whether Randall had a First Amendment right violated, we conclude that Randall's rights were not clearly established under broad case law").

The conclusion that a review of broad case law does not put a person on fair notice that an employee's First Amendment rights are violated is even more convincing in the context of First Amendment claims involving, specifically, assistant state attorneys. The United States Supreme Court has noted the following in the context of balancing the state's interest:

> in weighing the State's interest in discharging an employee based on any claim that the content of a statement made by the employee somehow undermines the mission of the public employer, *some attention must be paid to the responsibilities of the employee within the agency*. The burden of caution employees bear with respect to the words they speak will vary with the extent of authority and public accountability the employee's role entails. Where, as here, an employee serves no *confidential, policymaking, or public contact role*, the danger to the agency's successful functioning from that employee's private speech is minimal.

*Rankin v. McPherson*, 483 U.S. 378, 390-391 (U.S. 1987) (emphasis added).

Federal Circuit Courts have uniformly held that assistant state attorneys hold confidential and/or policymaking positions. *See Fazio v. City and County of San Francisco*, 125 F.3d 1328, 1334 (9th Cir. 1997) (holding that an assistant district attorney held a policymaking position) (citing several cases including, *Mummau v. Ranck*, 687 F.2d 9, 10 (3d Cir. 1982), *Livas v. Petka*, 711 F.2d 798, 800 (7th Cir. 1983), *Gordon v. County of Rockland*, 110 F.3d 886, 890-91 (2d Cir. 1997), and *Williams v. City or River Rouge*, 909 F.2d 151, 155 (6th Cir. 1990) for the same conclusion); *see also Charles v. Grief*, 522 F.3d 508 (5th Cir. 2008) (noting that a systems analyst does not hold a "professional position of trust and confidence like those of an assistant

district attorney"). It follows, therefore, that a broad review of case law under the First Amendment, especially dealing with assistant state attorneys, does not put Jarvis on notice that his conduct clearly violates the First Amendment.

Secondly, with regard to a particular case based on materially similar facts, the Eleventh Circuit has stated that "if the circumstances facing a government official are not fairly distinguishable [from fact-specific precedent that has established law] ... the precedent can clearly establish the applicable law." *Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *13 - 14 (11th Cir. June 30, 2010) (quoting *Vinyard v. Wilson,* 311 F.3d at 1352 (11th Cir. 2002) (bracketed material in original). Plaintiff has not asserted that there is any case in the United States District Court for the Middle District of Florida, the United States Circuit Court for the Eleventh Circuit, or the United States Supreme Court which involves materially similar facts to those described in the case at hand. Therefore, Plaintiff has not sufficiently alleged that Plaintiff's rights are clearly established under materially similar facts. *Randall,* at *14 ("Since we are aware of no precedential case with similar facts to those described here, we conclude that [Plaintiff's] rights were not clearly established under materially similar facts") (bracketed material in original).

Finally, with regard to the circumstances fitting "within the exception of conduct which so obviously violates [the][C]onstitution that prior case law is unnecessary," the Eleventh Circuit in *Randall* explained that Jarvis' alleged conduct must be "so far beyond the hazy border between excessive and acceptable that every objectively reasonable district attorney had to know that [he] was violating the Constitution even without caselaw on point." *Id.* (quoting *Priester v. City of Riviera Beach,* 208 F.3d 919, 926 (11th Cir. 2000) (internal brackets omitted)). In the most recent landmark decision involving First Amendment protection of a deputy district

attorney's speech, the United States Supreme Court articulated previous, and announced new, principles with regard to the competing interests of a state employer and its employees. *See Garcetti v. Ceballos*, 547 U.S. 410, 418-423 (2006). Based on this case alone, there is no colorable argument that Jarvis' alleged conduct clearly violated the Constitution such that prior case law is unnecessary. Specifically, the *Garcetti* Court noted that "[w]hen a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Id.* at 418. The Supreme Court expanded upon that notion with the following:

> Government employers, like private employers, need a *significant degree of control* over their employees' words and actions; without it, there would be little chance for the efficient provision of public services. Public employees, moreover, often occupy trusted positions in society. When they speak out, they can express views that contravene governmental policies or *impair the proper performance of governmental functions*.

*Id.* at 418-19 (emphasis added).

Such principles announced by the Supreme Court would not put a reasonable person on notice that asking his or her subordinate employee to refrain from engaging in speech, as described in the Amended Complaint, "obviously violates" the Constitution. The Amended Complaint, according to Plaintiff's own exhibit, references Jarvis' concern- a citizen had complained about Plaintiff's speech and that her speech was viewed as advocating against the State of Florida (see Exhibit "A" to the Amended Complaint). The Supreme Court has clearly articulated that employers need "a significant degree of control over their employees' words and actions." *Id.* Therefore, Jarvis reasonably believed that he was acting lawfully when he requested Plaintiff to refrain from engaging in speech that was perceived as impairing the performance or potential performance of the State Attorney's Office.

In a case with facts analagous to those asserted in Plaintiff's Amended Complaint, *Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *14 (11th Cir. June 30, 2010), the

Eleventh Circuit very recently concluded that an investigator working for the district attorney of Clayton County, Georgia did not have a clearly established right at the time of his termination to run for the Chairman of the Clayton County Board of Commissioners. The Eleventh Circuit reached this conclusion despite finding that the investigator's "decision to run for office enjoys *some* First Amendment protection." *Id.* (emphasis in original). The Eleventh Circuit, therefore, concluded that the district attorney enjoyed "individual qualified immunity protection for her alleged violations of [the investigator's] First Amendment rights." *Id.* at *14.

Accordingly, Plaintiff did not have a clearly established right to engage in the speech she asserts in the Amended Complaint to be protected, including speech which caused a citizen to complain and which appeared to advocate against the State's interests. Therefore, Jarvis enjoyed qualified immunity with respect to claims for damages against him in his individual capacity in counts one through seven in the Amended Complaint.

> **B.  Claims seeking injunctive or declaratory relief in counts one through seven do not lie against Jarvis in his individual capacity.**

Counts one through seven in the Amended Complaint seek injunctive or declaratory relief, presumably, against Jarvis individually. However, such counts should be dismissed against Jarvis in his individual capacity because claims seeking injunctive or declaratory relief against public officials in their individual capacity are improper. *See Santhuff v. Seitz*, Nos. 09-12821, 09-13714, 2010 WL 2667441, at *3 n. 3 (11th Cir. July 6, 2010) (noting that the district court granted public official's motion for summary judgment with regard to claims against him in his individual capacity because such claims sought injunctive relief; citing *Edwards v. Wallace Comty. Coll.,* 49 F.3d 1517, 1524 n. 9 (11th Cir. 1995) (stating that claims for injunctive or declaratory relief "are considered to be official capacity claims against the relevant governmental entity")).

Because an award for injunctive and/or declaratory relief against Jarvis would not provide Plaintiff with any relief (for example, Jarvis has no authority in his individual capacity to reinstate Plaintiff), claims seeking such relief in counts one through seven in the Amended Complaint should be dismissed.

It follows that because counts one through seven in the Amended Complaint seek both damages and prospective relief, the entire Amended Complaint should be dismissed against Jarvis in his individual capacity.

## III. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST JARVIS IN HIS OFFICIAL CAPACITY.

**A. Plaintiff has failed to identify, and has even alleged facts that clearly negate, a policy or custom of the State of Florida that was the "moving force" behind Jarvis' alleged directive.**

It is axiomatic that when a plaintiff sues a public official in his or her official capacity for an alleged constitutional violation, the plaintiff must allege in the complaint that the entity that the official represents was the "'moving force' behind the constitutional deprivation." *Robinson v. Secretary*, No. 2:08-cv-200-FtM-36SPC, 2010 WL 2431843, at *2 (M.D. Fla. June 15, 2010) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). In *Graham*, the Supreme Court noted that the state entity's "policy or custom must have played a part in the violation of the federal law." *Graham*, 473 U.S. at 166. Plaintiff failed to plead such a policy or custom. Indeed, she repeatedly alleged in the Amended Complaint that Jarvis' conduct was *contrary* to policies of the State wherein she states:

> The State Attorney's Office has no written policies governing outside speaking engagements of assistant state attorneys or staff. However, the long-standing policy at the State Attorney's Office was to allow political speeches and political activity of attorneys and staff. [Complaint, ¶ 29];
>
> Defendant was obviously aware of the liberal policy at the State Attorney's Office regarding outside speaking engagements....[Complaint, ¶ 30];

10

At the time he issued the directive barring Plaintiff from speaking engagements, Defendant knew that his directive was unlawful and in contravention of the long-established policy at the State Attorney's Office. [Complaint, ¶ 57];

Plaintiff's speaking engagements were wholly consistent with the long-standing policy at the State Attorney's Office which permitted such speech. [Complaint, ¶¶ 85, 98]; and

The policy allowing assistant state attorneys and staff to participate in outside speaking engagements did not change when the Defendant took over as State Attorney for the Third Judicial Circuit. [Complaint, ¶¶ 87, 100].

Accordingly, Plaintiff has failed to identify a policy or custom that played a part as a "moving force" in Jarvis' alleged conduct resulting in the alleged unconstitutional violation. Indeed Plaintiff has alleged facts in paragraphs 29-30, 57, 85, 87, 98, and 100 that establish a policy that appears to contradict Jarvis' alleged unconstitutional directive. Therefore, Plaintiff has not established that the state was the "moving force" behind Jarvis' alleged conduct and, accordingly, Plaintiff has failed to state a cause of action against Jarvis in his official capacity with respect to counts one through seven in the Amended Complaint and all seven counts should be dismissed against Jarvis in his official capacity. *See Robinson*, 2010 WL 2431843, at *2 (M.D. Fla. June 15, 2010) (dismissing plaintiff's official capacity claim for failure to state a cause of action because he failed to identify any state policy or custom that was the moving force behind the constitutional deprivation).

    **B.**    **Federal claims for damages against public officials in their official capacity are not permitted under § 1983 and are barred by the Eleventh Amendment.**

The Supreme Court in *Will v. Michigan Dep't of State Police* held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989). In reasoning that a state official in his or her official capacity is not a "person" under § 1983, the Supreme Court explained that "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office" and, therefore, "it is no different from a suit against the State itself." *Id.* at 71. Similarly, the Eleventh Amendment bars suits seeking a remedy against a state (and therefore officials acting in their official capacities) for alleged deprivations of federal civil liberties. *Will*, 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987)).

Plaintiff has pled in counts one through five deprivations of federal civil liberties and has sought damages against Jarvis in his official capacity as a result of those violations (see Complaint, ¶¶ 60-65 for allegations pertaining to damages that are incorporated into each count, including the alleged Florida Constitutional violations). Accordingly, because such claims for damages are not permitted under § 1983 against Jarvis in his official capacity and also are barred by the Eleventh Amendment, such claims for damages in counts one through five must be dismissed against Jarvis in his official capacity.

## IV. COUNTS THREE THROUGH FIVE PERTAINING TO EQUAL PROTECTION SHOULD BE DISMISSED.

In addition to the aforementioned basis for dismissing the Amended Complaint in its entirety against Jarvis individually and in his official capacity, counts three through five of the Amended Complaint pertaining to the Equal Protection Clause of the Fourteenth Amendment should, independently from the reasons set forth above, be dismissed for two reasons. First, such claims are an improper reclassification of Plaintiff's First Amendment claim. *See Watkins v. Bowden*, 105 F.3d 1344, 1354-55 (11th Cir. 1997) (confirming district court's grant of directed verdict for public official on plaintiff's equal protection retaliation claim reasoning that retaliation is protected under the first amendment, but there is no such protection under the Equal Protection Clause) (citing *Thompson v. City of Starkville,* 901 F.2d 456, 468 (5th Cir. 1990) (dismissing plaintiff's equal protection claim in retaliation case because it "amounts to no more

than a restatement of his first amendment claim"); *Vukadinovich v. Bartels,* 853 F.2d 1387, 1391-92 (7th Cir. 1988) (finding that plaintiff's equal protection retaliation claim, based on allegation that "he was treated differently because he exercised his right to free speech," "is best characterized as a mere rewording of [his] First Amendment-retaliation claim"); *Ratliff v. DeKalb County,* 62 F.3d 338, 340 (11th Cir. 1995) (reversing denial of qualified immunity on equal protection retaliation claim because "[t]he right to be free from retaliation [for making complaints of discrimination] is clearly established as a *first amendment* right and as a *statutory* right under Title VII; but no clearly established right exists under the *equal protection* clause to be free from retaliation") (italics in original); *Grossbaum v. Indianapolis-Marion County Bldg. Auth.,* 100 F.3d 1287, 1296 n. 8 (7th Cir. 1996) (Equal Protection Clause "does not establish a general right to be free from retaliation"); *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir. 1996) ("[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination."); *Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir. 1989) ("Gray's right to be free from retaliation for protesting sexual harassment and sex discrimination is a right created by Title VII, not the equal protection clause."), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); *Long v. Laramie County Community College Dist.,* 840 F.2d 743, 752 (10th Cir.), *cert. denied,* 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988)) (emphasis in original).

Assuming arguendo that there is a cause of action for retaliation under the Equal Protection Clause, Plaintiff failed to plausibly plead under the standard set forth by the United States Supreme Court. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). In that regard, under the new standards established in these cases, a complaint should be dismissed when the plaintiff fails to allege

"enough facts to state a claim to relief that is plausible on its face" and to "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965, 1974. The Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted; brackets in the original). The Supreme Court further explained:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.

*Twombly*, 127 S. Ct. at 1967.

Accordingly, the Supreme Court requires plaintiffs, from the very commencement of a case, to state a claim with enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 127 S. Ct. at 1974). Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. In determining whether a complaint states a plausible claim for relief, the Supreme Court has noted that such determination will be:

> a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'

*Id.* at 1950 (internal citations omitted; brackets in original).

Even if counts three through five in the Amended Complaint can be read to allege an unlawful act other than retaliation, in order to establish a cause of action under the Equal

Protection Clause, Plaintiff must identify a similarly situated employee that Jarvis treated differently from Plaintiff. Plaintiff's attempt to identify a similarly situated employee falls significantly short of stating a plausible claim for relief wherein Plaintiff merely alleges in conclusory form that Jarvis permitted other attorneys to give speeches indistinguishable from Plaintiff's speeches (see Amended Complaint, ¶ 89). Further, it is obvious that Plaintiff cannot identify any one attorney who Jarvis permitted to speak out on similar topics and in a similar fashion as Plaintiff, as the only person she identified as allegedly giving these types of speeches was Jarvis himself when he was an assistant state attorney *Id*. Clearly, Jarvis cannot be held liable for prospective relief (even if the State was the "moving force" behind Jarvis' alleged unconstitutional directive) in his official capacity for a speech he was allegedly permitted to give while an assistant state attorney and not serving in the capacity in which he is currently being sued.

## V. COUNTS SIX AND SEVEN PERTAINING TO THE FLORIDA CONSTITUTION SHOULD BE DISMISSED.

Counts six and seven in the Amended Complaint should be dismissed against Jarvis individually and in his official capacity for the reasons set forth above. However, such counts should also be dismissed independent from those reasons because Plaintiff has failed to identify any legal basis for attempting to plead a private right of action under Article 1, Sections 2, 4, and 5 of the Florida Constitution. Alternatively, should this Court dismiss Plaintiff's Amended Complaint with respect to the Federal claims only and also conclude that Plaintiff has pled sufficiently that the aforementioned Sections of the Florida Constitution do create a private right of action, it should exercise its discretion to decline supplemental jurisdiction over counts six and seven and dismiss such claims against Jarvis.

A. **THE COMPLAINT FAILS TO IDENTIFY ANY LEGAL BASIS FOR PLEADING A PRIVATE RIGHT OF ACTION UNDER ARTICLE 1, SECTIONS 2, 4, AND 5 OF THE FLORIDA CONSTITUTION.**

Plaintiff alleges in his Amended Complaint that Plaintiff's suit is brought pursuant to 42 U.S.C. § 1983, which gives this Court the authority to issue damages and grant equitable relief *only* for violations of the United States Constitution and federal law. *Conlogue v. Shinbaum*, 949 F.2d 378, 380 -381, n. 5 (11th Cir. 1991) ("To succeed, a section 1983 plaintiff must show that the laws or constitution of the *United States* were violated by state action") (citing *Fullman v. Graddick,* 739 F.2d 553, 561 (11th Cir. 1984)) (emphasis in original). Plaintiff did not identify any legal basis for pleading a private right of action under the Florida Constitution for alleged violations of Article 1, Sections 2, 4, and 5. Accordingly, Plaintiff has failed to state a cause of action under counts six and seven in the Amended Complaint and such counts should, therefore, be dismissed.

B. **THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THE STATE CONSTITUTIONAL CLAIMS.**

Should this Court dismiss counts one through five against Jarvis individually and his official capacity for reasons that do not affect counts six and seven and also conclude that Plaintiff has pled a private right of action concerning Sections 2, 4, and 5 of the Florida Constitution, this Court should exercise its discretion to decline supplemental jurisdiction. *Demauro v. Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2010 WL 2471501, at *4 (M.D. Fla. June 17, 2010) ("while a court ordinarily must exercise supplemental jurisdiction, it may chose not to when . . . the district court has dismissed all claims over which it has original jurisdiction (citing *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1569 (11th Cir. 1994)); *Croom v. Balkwill*, 672 F. Supp. 2d 1280, 1300 (M.D. Fla. 2009) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after dismissing plaintiff's federal constitutional

claims); *Frazier v. HSBC Mortg. Services, Inc.*, No. 8:08-cv-02396-T-24 TGW, 2009 WL 4015574, at *1 (M.D. Fla. Nov. 19, 2009) (granting summary judgment for defendant with respect to two federal claims and reasoning that "[b]ecause no federal claims remain and the third claim arises under Florida law, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction on the third claim").

## VI. CONCLUSION.

For the foregoing reasons, this Court should dismiss Plaintiff's Amended Complaint in its entirety against Jarvis individually and in his official capacity and award Jarvis his fees, costs, and any other relief this Court deem necessary.

Respectfully submitted this 16th day of July, 2010.

> By: */s/ Vanessa S. Hodgerson*
> Robert G. Riegel, Jr.
> Florida Bar No. 325759
> Vanessa S. Hodgerson
> Florida Bar No. 0059006
>
> Fowler White Boggs P.A.
> 50 N. Laura Street, Suite 2800
> Jacksonville, FL 32202
> T: (904) 446-26545
> F: (904) 598-3131
> robert.riegel@fowlerwhite.com
> vanessa.hodgerson@fowlerwhite.com
>
> *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on July 16, 2010, I electronically filed the foregoing Defendant's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law with the Clerk of Courts by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Gary S. Edinger, Esquire
>Florida Bar No.: 0606812
>305 N.E. 1st Street
>Gainesville, Florida 32601
>(352) 338-4440/ 337-0696 (Fax)
>GSEdinger@aol.com
>
>Attorney for Plaintiff

*/s/ Vanessa S. Hodgerson*
Attorney
