**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISANNE HALL,

    Plaintiff,

vs.                                                              CASE NO. 3:10-cv-442-J-34TEM

ROBERT L. "SKIP" JARVIS, JR., in his
official capacity as State Attorney for the
Third Judicial Circuit of Florida,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Defendant's motion to stay discovery and summary judgment deadlines until the Court enters a ruling on his motion to dismiss (Doc. #26, Motion; *see also* Doc. #15, Motion to Dismiss).  The Motion, however, has been rendered moot by two (2) subsequently entered Court orders.

Specifically, on February 11, 2011, the Court, having granted in part Defendant's unopposed motion to stay imminent dispositive motion deadline (*see* Docs. #29 and #30), entered an Amended Case Management and Scheduling Order (Doc. #31). The Amended Case Management and Scheduling Order set a new discovery deadline of July 22, 2011 and a new dispositive motions deadline of August 15, 2011 (Doc. #31 at 1).  In addition, on March 2, 2011, the Court entered an Order granting in part and denying in part Defendant's Motion to Dismiss (Doc. #32, Order).

While the Federal Rules of Civil Procedure provide for the appropriate filing of motions seeking court intervention in discovery matters, the overall purpose of discovery

under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P.; however, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) *citing Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985).

As the Motion to Dismiss has now been ruled upon, and since the Amended Case Management and Scheduling Order (Doc. #31) provides ample time for the parties to engage in discovery and file any dispositive motions, the Court will deny the Motion as moot.

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant's motion to stay discovery and summary judgment deadlines (Doc. #26) is **DENIED as moot**.

2. The action shall proceed as set forth in the Amended Case Management and Scheduling Order (Doc. #31).

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of March, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record