UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISANNE HALL,

    Plaintiff,

v.                                                   CASE NO. 3:10-cv-442-MMH-TEM

ROBERT L. "SKIP" JARVIS, JR.,
Individually and in his official capacity as
State Attorney for the Third Judicial
Circuit of Florida.

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to Rules 7, 8 and 12, Fed. R. Civ. P., Defendant Robert L. "Skip" Jarvis, Jr., individually and in his official capacity as State Attorney for the Third Judicial Circuit of Florida ("Defendant"), answers the Second Amended Complaint for Permanent Injunction, Declaratory Judgment and Damages ("Second Amended Complaint") and asserts his affirmative and other defenses in the above-styled action as follows:

**I. JURISDICTION**

1. In response to paragraph 1,[1] Defendant admits Plaintiff has brought this suit pursuant to 42 U.S.C. § 1983, but denies that Plaintiff is entitled to any relief from Defendant.

---

[1] Unless otherwise indicated, all references to paragraph numbers are to those numbered paragraphs of the Second Amended Complaint.

2. Concerning paragraph 2, Defendant admits that this Court has jurisdiction, but denies that Plaintiff is entitled to any relief from Defendant.

3. Concerning paragraph 3, Defendant admits that this Court has the authority to grant equitable relief against Defendant in his official capacity, but denies that it has the authority to grant equitable relief against Defendant in his individual capacity.

4. Concerning paragraph 4, Defendant admits that this Court has the authority to grant equitable relief against Defendant in his official capacity, but denies that it has the authority to grant equitable relief against Defendant in his individual capacity.

5. Concerning paragraph 5, Defendant admits that this Court may award attorney's fees pursuant to 42 U.S.C. § 1988, but denies that Plaintiff is entitled to any relief whatsoever.

6. Defendant admits that Plaintiff is seeking declaratory relief, but denies that Plaintiff is entitled to any relief from Defendant and further denies that Plaintiff is able to seek declaratory relief against Defendant in his individual capacity.

7. Defendant denies the allegations in paragraph 7, but admits that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Defendant admits this action seeks judicial determination by this Court, but denies the remaining allegations in paragraph 8, including that he committed any wrongdoing and that Plaintiff is entitled to any relief from Defendant whatsoever.

**PARTIES**

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

**VENUE**

11. Defendant admits the allegations in paragraph 11.

**FACTS**

12. Concerning paragraph 12, Defendant admits Plaintiff is a licensed attorney in the State of Florida, denies that she was previously "employed" by the Gibbs Law Firm, P.A., and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in that paragraph.

13. Defendant admits the allegations in paragraph 13 and also clarifies that Plaintiff was "appointed" by Defendant.

14. Defendant admits the allegations in paragraph 14 except that he denies that Plaintiff was "leading the felony division" in the Live Oak office.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16, but admits that Plaintiff chose to resign on Monday, May 24, 2010.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Defendant admits that Plaintiff made speeches to the organizations mentioned but lacks knowledge or information sufficient to form a belief about the truth of the specific details, including names and dates, alleged in paragraph 18.

19. Defendant admits that Plaintiff appeared on a local radio program but lacks knowledge or information sufficient to form a belief about the truth of the specific details of the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant lacks knowledge or information sufficient at this time to form a belief about the truth of the allegations in paragraph 24.

25. Defendant lacks knowledge or information sufficient at this time to form a belief about the truth of the allegations in the first sentence of paragraph 25 and denies the allegations in the second sentence.

26. Defendant denies the allegations in paragraph 26.

27. Defendant lacks knowledge or information sufficient at this time to form a belief about the truth of the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Concerning paragraph 29, Defendant denies all the allegations therein except he admits that he, while an Assistant State Attorney, obtained prior approval to speak as Chairman of the Suwannee County Democratic Executive Committee.

30. Defendant denies the allegations in paragraph 30.

31. Concerning paragraph 31, Defendant admits that there were several email communications with Plaintiff and that she was asked to "disassociate [herself] from

these folks" but Defendant denies any of the remaining allegations therein, including but not limited to the allegation that he described a group to which she was speaking as a "fringe right wing group."

32. Concerning paragraph 32, Defendant admits that Plaintiff's counsel sent Defendant a letter on or around May 4, 2010, a copy of which is attached to the Second Amended Complaint, but denies Plaintiff's characterization of that letter and states that the document speaks for itself.

33. Concerning paragraph 33, Defendant admits that he responded to Plaintiff's May 4 letter on May 10, 2010, a copy of which is attached to the Second Amended Complaint but denies Plaintiff's characterization of that letter and states that the document speaks for itself.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Concerning paragraph 36, Defendant admits that directives have not been issued to any other attorney or member of his staff for the sole reason that no other attorney or staff member was involving the Defendant's office with their speaking engagements to local groups resulting in complaints made by citizens and colleagues, and Defendant denies the remaining allegations therein, including the allegation that Defendant described an organization as a "fringe right wing group."

37. Defendant denies the allegations in paragraph 37 and states that any directive Plaintiff received was based on the fact that her involvement was causing disruption to, and had the potential to further disrupt, his office.

38. Defendant denies the allegations in paragraph 38.

39. Concerning paragraph 39, Defendant admits the allegations asserted in sentence one but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained therein and further states that Plaintiff was not entitled to any damages on May 21, 2010 nor is she entitled to any damages to date.

40. Defendant admits the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant admits the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46 except that he admits that he completed a "Revocation of Appointment of Assistant State Attorney" following Plaintiff's resignation, a copy of which is attached to the Second Amended Complaint.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant admits the allegations in paragraph 49, but also states that Plaintiff's rights are not unfettered.

50. Defendant denies the allegations in paragraph 50, including subparts (A), (B), (C), and (D).

51. Defendant denies the allegations in paragraph 51.

## **OFFICIAL POLICY; COLOR OF LAW**

52. Defendant admits the allegations in paragraph 52 except that he denies the mischaracterization of the directive he gave Plaintiff.

53. Defendant admits the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54 and further states that Plaintiff mischaracterizes Defendant's directive.

55. Defendant admits the allegations in paragraph 55, but denies that Plaintiff was engaging in non-disruptive political speech on matters of public concern, unconnected with her employment, on her own time and using her own resources. Indeed, Plaintiff engaged in disruptive political speech which touched on Plaintiff's job duties connected with her employment and during working hours and used the State's email system and her position on a regular basis to promote herself and gain access to such speaking engagements.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

## DAMAGES AND ATTORNEY'S FEES

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant admits that Plaintiff is represented by Gary S. Edinger, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained therein, and denies that Defendant must pay such fees.

## **COUNT I**

66. Concerning paragraph 66, Defendant realleges and incorporates here his responses to paragraphs 1-65.

67. Concerning paragraph 67, Defendant admits that Plaintiff is bringing an action for declaratory relief against him in his official capacity but denies that Plaintiff is entitled to such relief.

68. Defendant denies the allegations in paragraph 68.

69. Defendant admits the allegations in paragraph 69 only to the extent that this Court concludes Plaintiff was not speaking pursuant to her official public duties; otherwise the allegations are denied.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

Concerning the WHEREFORE clause following paragraph 73, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the judgement requested therein.

## **COUNT II**

74. Concerning paragraph 74, Defendant realleges and incorporates here his responses to paragraphs 1-65.

75. Concerning paragraph 75, Defendant admits that Plaintiff is bringing an action for damages against him in his individual capacity but denies that Plaintiff is entitled to such relief.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

Concerning the WHEREFORE clause following paragraph 80, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to compensatory and punitive damages.

## COUNT III

81. Concerning paragraph 81, Defendant realleges and incorporates here his responses to paragraphs 1-65.

82. Concerning paragraph 82, Defendant admits that Plaintiff is seeking a permanent injunction against him in his official capacity but denies that Plaintiff is entitled to such relief.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

Concerning the WHEREFORE clause following paragraph 90, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the immediate reinstatement and injunction, attorneys' fees and costs.

## COUNT IV

91. Concerning paragraph 91, Defendant realleges and incorporates here his responses to paragraphs 1-65.

92. Concerning paragraph 92, Defendant admits that this court has supplemental jurisdiction of Plaintiff's state law claims but denies that such claims exist and denies that Plaintiff is entitled to relief.

93. Concerning paragraph 93, Defendant admits that Plaintiff seeks declaratory relief against Defendant in his official capacity, but denies that Plaintiff is entitled to relief.

94. Paragraph 94 is a statement of law and does not allege a fact and therefore no response is necessary.

95. Paragraph 95 is a statement of law and does not allege a fact and therefore no response is necessary.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

100.[sic] Defendant denies the allegations in the second numbered paragraph "100."

101. Defendant denies the allegations in paragraph 101.

Concerning the WHEREFORE clause following paragraph 101, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the declaration requested therein.

## COUNT V

102. Concerning paragraph 102, Defendant realleges and incorporates here his responses to paragraphs 1-65.

103. Concerning paragraph 103, Defendant admits that this court has supplemental jurisdiction of Plaintiff's state law claims but denies that such claims exist and that Plaintiff is entitled to relief.

104. Concerning paragraph 104, Defendant admits that Plaintiff seeks injunctive relief against Defendant in his official capacity, but denies that Plaintiff is entitled to relief.

105. Paragraph 105 is a statement of law and does not allege a fact and therefore no response is necessary.

106. Paragraph 106 is a statement of law and does not allege a fact and therefore no response is necessary.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant denies the allegations in paragraph 114.

Concerning the WHEREFORE clause following paragraph 114, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the injunction requested therein.

## II. AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing admissions and denials, Defendant asserts the following affirmative and other defenses:

A. Plaintiff's claims against Defendant for alleged violations of the 14th Amendment to the extent they are based on the Equal Protection Clause should be stricken because such claims have already been dismissed with prejudice by this Court.

B. Plaintiff's claims against Defendant in his individual capacity should be dismissed because Defendant has qualified immunity.

C. Plaintiff has failed to state a cause of action under the Florida Constitution in Counts IV and V.

D. The Eleventh Amendment bars Counts IV and V against Defendant in his official capacity.

E. Plaintiff does not have standing to obtain injunctive relief.

F. Plaintiff has failed to properly state a claim for punitive damages.

G. Plaintiff is not entitled to reinstatement based on equitable principles.

H. Plaintiff is not allowed to be made more than whole or receive more than one full recovery for the same harm.

I. Even if Plaintiff demonstrates Defendant took into consideration Plaintiff's speech and assuming her speech is protected by the First Amendment, the same decision would have been made even in the absence of the impermissible motivating factor.

J. Plaintiff has failed to state a claim for deprivation of, or retaliation for exercise of, Plaintiff's First Amendment rights, for several reasons, including but not limited to failing to sufficiently identify an adverse employment action and a policy or custom of the State as the moving force behind Defendant's actions and for failing to plead that qualified immunity does not apply to Defendant's actions in his individual capacity.

K. Plaintiff's speech was not protected by the First Amendment and even if it was, Defendant's interest outweighs any interest Plaintiff has in engaging in such speech.

L. Plaintiff has failed to mitigate her damages, if any, as required by law by, *inter alia*, failing to exercise reasonable diligence to retain her employment with Defendant and to seek and/or retain suitable employment after her separation.

M. Any economic damages to which Plaintiff claims she is entitled are offset by Plaintiff's interim earnings from employment and other monetary resources.

N. Any action of Defendant, and/or any failure to act, was in good faith and made for legitimate business reasons unrelated to deprivation of, or retaliation for exercise of, Plaintiff's First Amendment rights.

O. Plaintiff's claims for damages are limited to the date on which Defendant discovered evidence that would support Plaintiff's termination had she remained employed.

WHEREFORE, Defendant respectfully requests that this Court dismiss with prejudice the Complaint in its entirety, enter judgment in favor of Defendant, and award Defendant his costs and attorneys' fees incurred in defending this action.

Respectfully submitted this 14th day of April, 2011.

By: */s/ Vanessa S. Hodgerson*

**Robert G. Riegel, Jr**
Florida Bar No: 325759
Robert.riegel@fowlerwhite.com
**Vanessa S. Hodgerson**
Florida Bar No: 0059006
Vanessa.hodgerson@fowlerwhite.com

**FOWLER WHITE BOGGS P.A.**
50 North Laura Street, Suite 2800
Jacksonville, Florida 32202

Phone: (904) 598-3100
Fax No: (904) 598-3131
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing has been furnished through electronic filing with CM/ECF systems, which systems send to registered counsel a copy of the foregoing document, on this 14th day of April, 2011, upon the following:

Gary S. Edinger, Esquire
Florida Bar No.: 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440/ 337-0696 (Fax)
GSEdinger@aol.com

*Attorneys for Plaintiff*

By: */s/ Vanessa S. Hodgerson*
　　Attorney