UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISANNE HALL,

    Plaintiff,

vs.                                    CASE NO.: 3:10-cv-442-J-37TEM

ROBERT L. "SKIP" JARVIS, JR.,
individually and in his official capacity
as State Attorney for the Third Judicial
Circuit of Florida,

    Defendant.
_____/

**DEFENDANT ROBERT L. "SKIP" JARVIS, JR.'S MOTION FOR ENLARGEMENT OF TIME AND/OR LEAVE TO DISCLOSE EXPERT WITNESS AND EXPERT REPORT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), 26(a)(2), 37(c)(1) and Local Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, Defendant, Robert L. "Skip" Jarvis, Jr., individually and in his official capacity as State Attorney for the Third Judicial Circuit of Florida (hereinafter "Jarvis"), moves this Court for an Order enlarging the time allotted under the Court's September, 2010 (Dkt. No. 24) Scheduling Order and/or leave to disclose Harvey A. Moore, Ph.D., as an expert witness in this case. As grounds, Jarvis states:

1.    On June 22, 2010, Plaintiff, Krisanne Hall ("Plaintiff") filed her Amended Complaint (Dkt. No. 13) against Jarvis, individually and in his official capacity, seeking declaratory and injunctive relief and damages pursuant to Title 42 U.S.C. § 1983 for alleged violations of the First Amendment, the Equal Protection Clause of the Fourteenth

1

Amendment, and the Florida Constitution. Specifically, Plaintiff claims that Jarvis terminated Plaintiff in retaliation for exercising her First Amendment rights and for her decision to petition this Court for injunctive relief while employed as an assistant state attorney.

2. On July 16, 2010, Jarvis filed his Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 15) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted against Jarvis in either his individual or official capacity.

3. On September 21, 2010, this Court entered a Case Management and Scheduling Order and Referral to Mediation. (Dkt. No. 24). Pursuant to that Order, the trial of this matter was scheduled to begin during the July, 2011 trial term. *See id.* The Order further provided for the disclosure of expert reports by October 1, 2010 (Plaintiff) and November 1, 2010 (Jarvis), respectively, and a discovery deadline of January 21, 2011. *See id.*

4. On January 18, 2011, during pendency of this Court's ruling on his Motion to Dismiss, Jarvis filed an unopposed motion to stay the deadlines for discovery and dispositive motions as outlined in the Court's Case Management and Scheduling Order. (Dkt. No 26).

5. On February 10, 2011, this Court entered an Order granting, in part, Jarvis' unopposed Motion to Stay Discovery and Summary Judgment Deadlines (Dkt. No. 26) "to the extent that the deadlines set forth in the Case Management and Scheduling Order and Referral to Mediation (Dkt. No. 24) will be continued." (Dkt. No. 30).

6. On February 11, 2011, this Court entered an Amended Case Management and Scheduling Order[1] extending, among other things, the discovery deadline to July 22, 2011 and the deadline for dispositive motions to August 15, 2011, and resetting the trial term for this matter to January 3, 2012. (Dkt. No. 31). Despite the fact that all deadlines within the Court's initial Case Management and Scheduling Order were to be extended, the Amended Case Management and Scheduling Order was and is silent as to the deadline for the parties' disclosure of expert reports. (Dkt. No. 31).

7. On March 2, 2011, this Court entered an Order granting, in part, Jarvis' Motion to Dismiss (Dkt. No. 32).

8. On March 24, 2011, Plaintiff filed her Second Amended Complaint for Permanent Injunction, Declaratory Judgment and Damages against Jarvis. (Dkt. No. 34). Jarvis timely filed his Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint on April 14, 2011. (Dkt. No. 37).

9. The parties have engaged in meaningful discovery since entry of the Court's September, 2010 Scheduling Order, including the exchange of written discovery requests and depositions of the named parties to this litigation and key fact witnesses. However, given the pendency of Jarvis' Motion to Dismiss and the uncertainty as to what exactly Plaintiff's claims going forward would be, Jarvis did not retain or disclose any expert by the November, 2010 deadline.

---

[1] On May 25, 2011, this Court entered a Second Amended Case Management and Scheduling Order (Dkt. No. 40) whereby extending the deadline for the parties filing of a final Pretrial Statement until December 14, 2011 and changing the date and time of the Pretrial Conference to December 20, 2011 at 9:30 a.m. This Amended Case Management and Scheduling Order is silent as to the deadline for the parties' disclosure of expert reports. *See id.*

10. In the meantime, the parties have continued to focus on completing discovery and narrowing the issues. Jarvis has conducted a search for a possible expert on one narrow issue and now seeks pursuant to Fed. R. Civ. P. 6(b) an enlargement of time under this Court's September, 2010 Scheduling Order and/or leave pursuant to Fed. R. Civ. P. 37(c) to disclose that he has retained Harvey A. Moore, Ph.D., to give his expert opinion regarding the disruption to a State's Attorney's office by an assistant state attorney expressing potentially controversial political views. If this Court grants Jarvis leave to disclose Dr. Moore as an expert witness, Jarvis will make Dr. Moore and his report available within fourteen (14) days of the Court's Order.

11. Under Fed. R. Civ. P. 6(b), a court may grant an enlargement of time upon request where the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

12. Further, "[i]f a party fails to…identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless** the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

13. In this case, the failure to timely disclose Dr. Moore as an expert witness was not an intentional omission on the part of Jarvis; instead, it was an excusable action based on all of the relevant circumstances and the posture of the case in November, 2010. Likewise, leave to disclose Dr. Moore at this time will not harm Plaintiff given that she will have more than adequate opportunity to take all steps to be prepared to address Dr. Moore's expert

opinion both within the discovery deadline period and before this matter's January, 2010 trial term.

14. Jarvis' counsel certifies that this Motion is filed in good faith and not to cause any unnecessary delay in the timely prosecution of this case. Plaintiff will not be in any manner prejudiced by the granting of this motion.

WHEREFORE, Defendant, Robert L. "Skip" Jarvis, Jr., respectfully requests this Court enter an Order granting him leave and/or an enlargement of time under the Court's September, 2010 Scheduling Order to disclose Harvey A. Moore, Ph.D., as an expert witness, and awarding any such other relief or remedy as this Court deems just and proper.

## **MEMORANDUM OF LAW**

The disclosure of expert testimony intended to be relied upon by a party at trial is governed by Fed. R. Civ. P. 26(a)(2). Under Rule 26, a party must disclose to the other parties the identity of its expert witnesses "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). However, in the "absen[ce of] a stipulation or a court order, the disclosures must be made…at least 90 days before the date set for trial or for the case to be ready for trial." *Id.*

If a party fails to meet the requirements of 26(a)(2) within the time proscribed by the court, an enlargement of time may be granted where the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(2); *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 n. 10 (11th Cir. 1987)Likewise, Fed. R. Civ. P. 37(c)(1) allows for a party to use a witness not indentified as required by Rule 26(a) or (e) if the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

As discussed in greater depth below, Jarvis' failure to disclose Dr. Moore as an expert witness by the November, 2010 deadline in the Court's initial Scheduling Order is excusable under the circumstances of this case. Further, it is abundantly clear that Plaintiff will suffer no harm should Jarvis be granted leave to disclose Dr. Moore as an expert witness.

I. **AN ENLARGEMENT OF TIME UNDER THE COURT'S SEPTEMBER, 2010 SCHEDULING ORDER IS APPROPRIATE BECAUSE JARVIS' OMISSION WAS EXCUSABLE.**

As previously noted by this Court, "[e]xcusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Roberson v. Church,* No. 3:09-cv-372-J-34MCR, 2009 WL 5067800, *1 (M.D. Fla. Dec. 16, 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Indeed, "[t]he decision whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surround the party's omission.'" *Id.* In considering a movant's request for extension based on excusable neglect, "[p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). Ultimately, the inquiry is whether or not prejudice results from the delay, not from having to continue to litigate the case. *Catalano v. Cohen & Grigsby, P.C.*, No. 2:08-cv-667-FtM-29SPC, 201 WL 2103460, *1 (M.D. Fla. May 25, 2010) (citing *Connecticut State Dental v. Anthem Health Plans*, 591 F.3d 1337 (11th Cir. 2009)).

In the present matter, Jarvis' requested extension is equitable. As noted above, Jarvis' failure to disclose Dr. Moore by the November, 2010 deadline was the result of the pendency

of Jarvis' Motion to Dismiss and the uncertainty as to what exactly Plaintiff's claims would be following ruling by the Court on his motion. More importantly, Jarvis' requested extension poses no prejudice to Plaintiff. Plaintiff will have ample opportunity to take Dr. Moore's deposition and examine his putative expert report prior to the discovery cut-off on July 22, 2011. Indeed, Jarvis will make every effort to make Dr. Moore and his expert report available on an expedited basis. Moreover, Jarvis is also willing to make Dr. Moore available to Plaintiff after the July 22, 2011 discovery cut-off. Finally, under the Court's February, 2011 (Dkt. No. 31) and May, 2011 (Dkt. No. 40) Scheduling Orders, this matter is not set to go to trial until the trial term commencing on January 3, 2011. *See id*. Thus, Plaintiff has over five months left prior to trial in which to take Dr. Moore's deposition, examine his expert report, and select her own expert if she so desires.

Given the expansive period of time available to Plaintiff both prior to and following the discovery deadline in which to act, review the report and depose Dr. Moore, Plaintiff cannot identify any prejudice that would result as a matter of this Court granting Jarvis an enlargement of time within which to disclose Dr. Moore as an expert witness.

## II. LEAVE SHOULD BE GRANTED BECAUSE JARVIS' DISCLOSURE OF DR. MOORE AT THIS TIME IS NOT HARMFUL TO PLAINTIFF.

Jarvis acknowledges that the disclosure of Dr. Moore at this time is untimely under this Court's September, 2010 Scheduling Order. (Dkt. No. 24). Even so, leave to disclose Dr. Moore at this time is still appropriate. The operative standard of law in the Eleventh Circuit governing the relief sought by Jarvis in this motion is whether Plaintiff will be harmed based upon that untimely disclosure. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). "Failure to make the required expert witness disclosures is

7

harmless when there is no prejudice to the party entitled to the disclosure." *Warfield v. Stewart*, No. 2:07-cv-332-FTM-33SPC, 2009 WL 1515741, *3 (M.D. Fla. 2009) (quoting *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, *2-*3 (M.D. Fla. Jan. 24, 2001)). Under the circumstances, it is abundantly clear that Plaintiff will not suffer <u>any</u> prejudice.

As noted by the United States Eleventh Circuit Court of Appeals, Rule 26's "expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC*, 549 F.3d at 1361-62 (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)). Pursuant to that reasoning, this Court has routinely held that late disclosure of an expert witness or report is not prejudicial to an opposing party so long as the opportunity and time exists to depose that expert. *See Warfield v. Stewart*, No. 2:07-cv-332-FTM-33SPC, 2009 WL 1515741, *3 (M.D. Fla. June 1, 2009) (finding that a defendant was not prejudiced by a plaintiff's filing an expert report 341 days past the expert disclosure deadline because defendant had the time and opportunity to depose the expert); *Ellison*, 2001 WL 118617 at *3 (M.D. Fla. Jan. 24, 2001) (finding that a late filed expert's report was harmless if the opposing party would have time to depose the expert); *see also Triplecheck v. Creole Yacht Charters Ltd.*, No. 05-21182-CIV, 2006 WL 3507971, *3 (S.D. Fla. Dec. 5, 2006) (granting motion for leave to disclose expert witness where there was no prejudice).

Here, there is more than ample time left prior to the discovery deadline within which Plaintiff can examine Dr. Moore's expert report, depose him, and take any other action she may wish in pursuit of her claims. As previously mentioned, Jarvis will make Dr. Moore

available to Plaintiff for deposition after the July 22, 2011 discovery deadline should the need arise. Onc again, with the trial term for this matter not commencing until January 3, 2011, Plaintiff has over five months left prior to trial in which to take Dr. Moore's deposition examine his expert report, and select her own expert if she so desires. This length of time alone is enough to demonstrate that Plaintiff will not be harmed as a result of this Court granting Jarvis leave.

### III. LEAVE SHOULD BE GRANTED BECAUSE JARVIS IS SUBSTANTIALLY JUSTIFIED IN DISCLOSING DR. MOORE AT THIS TIME.

Substantial justification under Rule 37(c) requires "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt*, No. 6:99-CV-1268-ORLKRS, 2001 WL 118617, *2 (M.D. Fla. Jan. 24, 2001) (quoting *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997)). Indeed, "[t]he proponent must have a reasonable basis in law and fact." *Id.* Moreover, a court's test for "substantial justification" is satisfied "if there is [a] genuine dispute concerning compliance." *Id.*

Even when examined under the more stringent standard of Rule 37(c), leave in this matter is appropriate. Jarvis' actions in not disclosing Dr. Moore as an expert witness at an earlier time are substantially justifiable, reasonable, and were not intended to subvert the discovery process. As detailed above, the Court's September, 2010 Scheduling Order was issued during the pendency of its ruling on Jarvis Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 15). In line with the deadlines contained in that Scheduling Order, the parties diligently engaged in discovery. During that time, however, Jarvis did not retain any expert witness due to the fact that: (i) resolution of his Motion to Dismiss would have

9

fundamentally affected what further discovery was necessary (if any) and how Jarvis would approach dispositive motions; and (ii) Jarvis would have unnecessarily wasted valuable State resources had his Motion to Dismiss been granted in its entirety. To that end, in January, 2011, the parties sought to stay the deadlines for discovery and dispositive motions outlined in the Court's September, 2010 Scheduling Order. (Dkt. No 26). In doing so, however, the parties did not address any provision for identification of expert witnesses. *See* (Dkt. Nos. 31, 40). Consequently, when the Court entered its February, 2011 Amended Case Management and Scheduling Order extending the discovery deadline until July 22, 2011, no corollary deadline was established for the parties' disclosure of expert reports.

Since that time, and following the Court's entry of an Order granting, in part, his Motion to Dismiss (Dkt. No. 32), Jarvis has diligently looked for and now located an expert that has relevant testimony that will serve to help the finder of fact if trial is necessary. Specifically, Jarvis has retained Harvey A. Moore, Ph.D. as an expert witness who will present testimony concerning issues raised in Plaintiff's Second Amended Complaint relating to the "Pickering" balancing test that are essential to Jarvis' defense. *See Pickering v. Board of Educ. of Twp. High Sch. Dist. 205*, 391 U.S 563 (1968) (the court must "arrive at a balance between the interests of the …[employee]as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees").

Given the need for determination of what claims made by Plaintiff would be at issue in this case following ruling on his Motion to Dismiss, coupled with the parties' lack of focus on a new deadline for the disclosure of expert reports when requesting a stay of the discovery

deadlines, Jarvis' untimely disclosure of Dr. Moore as an expert witness is substantially justified.

## IV. CONCLUSION

For the foregoing reasons, Jarvis respectfully requests this Court grant him leave to disclose Harvey A. Moore, Ph.D., as an expert witness in this case.

### **RULE 3.01(g) CERTIFICATION**

The undersigned certifies that counsel for Defendant has conferred with counsel for Plaintiff in good faith concerning the content of this motion and that counsel for Plaintiff does not oppose the relief requested as to the identification of a expert witness beyond the original expert disclosure date. However, counsel for Plaintiff has stated that Plaintiff does oppose this motion on the basis that Plaintiff believes this type of expert witness testimony invades the province of the jury. Defendant believes that argument, before examination of any expert report or the taking of an expert deposition, is not applicable to the relief requested in this motion, and is not ripe for consideration by the Court.

Dated this 24th day of June, 2011.

    */s/ Vanessa S. Hodgerson*
Robert G. Riegel, Jr.
Florida Bar No. 0325759
robert.riegel@fowlerwhite.com
Vanessa S. Hodgerson
Florida Bar No: 0059006
vanessa.hodgerson@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
50 N. Laura Street, Suite 2800
Jacksonville, FL  32202
Telephone:  (904)446-2645
Facsimile:  (904)598-3131
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on June 24, 2011, I electronically filed the foregoing Motion for Leave to Disclose Expert and/or Extension of Time to File Disclosure of Expert Report and Incorporated Memorandum of Law with the Clerk of Courts by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Gary S. Edinger, Esquire
>Florida Bar No.: 0606812
>305 N.E. 1st Street
>Gainesville, Florida 32601
>(352) 338-4440/ 337-0696 (Fax)
>GSEdinger@aol.com
>
>Attorney for Plaintiff

>*/s/ Vanessa S. Hodgerson*
>Attorney